**Counsel for Defendant**
Robert Ross Fogg, Esq.
Law Office of Robert Ross Fogg, Esq., LL.M.
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Tel: (716) 853-3644  Fax: (716) 852-6782
rfogg@rfogglaw.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
                           *Plaintiff,*

           v.                          CASE No: 1:12-CR-00876-ALC

PAUL D. CEGLIA
                           *Defendants.*


**DEFENDANT'S SUBMISSION IN CONNECTION WITH**
**MR. ARGENTIERI'S SUBMISSION**


Dated:  June 9, 2017
         Buffalo, NY                      Respectfully submitted,

                                  By:  */s/ Robert Ross Fogg*
                                           Robert Ross Fogg, Esq. and
                                           Gil D. Messina, Esq.
                                           Attorneys for Defendant, Paul Ceglia


To:
Hon. Preet Bharara, United States Attorney
Attorney for the United States of America
for the Southern District of New York

On June 1, 2017, this Honorable Court issued an Order (Doc. 186) granting the parties leave to submit any papers in connection with Mr. Argentieri's submission (Doc. 185). Please allow the instant succinct submission to serve as Defense Counsels' response to the Court's invitation.

Mr. Argentieri prepared and filed his submission without Defense Counsels' participation, knowledge or forewarning. Nevertheless, it is truly detailed, informative and revealing.

**ALLEGATIONS OF FRAUD:**

If the truth of the allegations of fraud on the Court by the complainants and their attorneys can be established to the Court's satisfaction, it would taint the integrity of the grand jury proceedings and the instant criminal proceedings from its inception to date. As the complaints and their attorneys have unnecessarily and improperly injected themselves into these criminal pre-trial proceedings under the guise of "crime victims," they should be subjected to this Court's scrutiny.

Therefore, Counsels for Mr. Ceglia join Mr. Argentieri's submission and respectfully request that the Court Order an evidentiary hearing wherein the Court can receive sworn witness testimony from the complainants and complainants' attorneys, the scope of which should include propriety of "crime victim" status and any and all fraud intended to induce or caused the commencement of this criminal action, the indictment and all criminal proceedings, pleadings, submission, statements, etc. heretofore.

*RES JUDICATA*:

Mr. Ceglia's Counsels respectfully bring to the Court's attention a judicial determination by the New York State Appellate Division for the First Judicial Department that is dispositive of this criminal case in that it goes, as a matter of law, to the heart of the applicability of the *Noerr-Pennington* doctrine to the prosecution of Mr. Ceglia and his Motion to Dismiss on First Amendment Grounds.  The Appellate Division held that the facts in Ceglia's civil action compelled the conclusion, *as a matter of law,* that his civil action was not objectively baseless. See the attached decision of the Court in *Facebook, Inc., et al. v. DLA Piper LLP (US), et al.*, Index 653183/14 (N.Y. 1st Dept. Dec. 29,2015). [1]

To summarize, the Appellate Division held that Facebook and Mark Zuckerberg's complaint against Ceglia's attorneys alleging a lack of probable cause in bringing and pursuing Ceglia's civil action was factually and legally without merit because there was an objective basis for Ceglia to bring his civil action.  The Appellate Court determined that the facts were sufficient to establish probable cause for a reasonable person to believe the truth of Ceglia's claim.

The Appellate Court also held that "the Allegheny [sic] Court's granting of a TRO at the inception of the Ceglia action … created a presumption that Ceglia had probable cause to bring the case."  "Despite plaintiffs' claims that the Work For Hire Contract was an obvious forgery, the Allegheny [sic] Court granted a TRO after reviewing it."  "Defendants produced experts who took issue with plaintiffs' experts on that score and the authenticity of the document was vigorously contested throughout the Ceglia litigation.  Moreover, [Ceglia's attorneys] conducted a quite thorough investigation after being advised of Kasowitz's findings, going so far as subjecting Ceglia to a polygraph test, which he passed."

---

[1] On September 16, 2016, the New York Court of Appeals denied Facebook's and Zuckerberg's Motion for Leave to Appeal, thus concluding the case.

As a matter of law, based upon the undisputed facts, there was an objective, factual basis for Ceglia's civil action. To have indicted him in the midst of his civil action for exercising his First Amendment right to petition was an egregious constitutional violation which should be rectified sooner rather than later.

We recognize that Ceglia remains a fugitive. We expect the government will argue that any proposed motion should not be entertained on fugitive disentitlement grounds. However, it has recently been reported in the media that Ceglia and his family fled because, he claims, a credible threat was made upon his life. At this time, his whereabouts remain unknown.

Moreover, the fugitive disentitlement doctrine is an equitable doctrine that is within the sound discretion of the trial court to apply or not. To date, neither this Court nor the Second Circuit Court of Appeals has applied it to bar Ceglia's access to the courts. The Appellate Division's decision (the appeal from which the Court of Appeals has now denied) bears directly and materially on the instant case because the Appellate Court applied the correct standard of review in examining the evidence in Ceglia's civil action, and it highlights how this criminal prosecution has violated Ceglia's important constitutional rights.

For these reasons, it is respectfully requested that the defendant be given leave to file dispositive motions based upon the now final decision by the New York State Appellate Division holding that a sufficient factual basis existed for Ceglia to pursue his civil action and it could not, therefore, be deemed objectively baseless and not subject to First Amendment protection.

Dated:   June 9, 2017
        Buffalo, NY

Respectfully submitted,

By:   */s/ Robert Ross Fogg*
     Robert Ross Fogg, Esq. and
     Gil D. Messina, Esq.
     Attorneys for Defendant, Paul Ceglia

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                *Plaintiff,*

      v.                        CASE No: 1:12-CR-00876-ALC

PAUL D. CEGLIA

                *Defendant.*

---

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document, dated June 9, 2017, is being served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record who are authorized to receive electronically Notices of Electronic Filing in this criminal case on June 10, 2017.

Dated:   June 10, 2017                 Respectfully Submitted,

                                             By: /s/ Robert Ross Fogg