**AFFIDAVIT OF MICHAEL T. MCKIBBEN**

State of Ohio           }
                        } ss:
County of Delaware      }

FIRST BEING DULY CAUTIONED AND SWORN, AFFIANT STATES:

1. My name is Michael T. McKibben, and I am of legal age, sound mind and otherwise competent to make this affidavit. At all times herein, I lived in Columbus, Ohio and work for Leader Technologies, Inc. ("Leader") in Lewis Center, Ohio. I have personal, direct knowledge of each of the facts set forth in this affidavit and they are true to the best of my knowledge and ability.

2. I am a computer technology expert in systems, software and program design with specialties in electronic messaging, organizational development, groupware, patents, copyrights, trademarks, trade secrets, collaboration, telecom and social networking, among others. As a private contractor, I led the redevelopment of AT&T AccessPlus 3.0 email, enhanced fax and electronic data interchange (EDI) messaging with AT&T Bell Labs Lincroft ca. 1995. I hold three patents related to telecom and social networking: U.S. Patent Numbers 7,139,761, 7,925,246 and 8,195,714.

3. My company and I are the victims of the same concealment of Facebook evidence that has been withheld in *Ceglia v. Zuckerberg*, *U.S. v. Ceglia* and *ConnectU v. Facebook*, among others. In our *Leader v. Facebook* case, Facebook clearly lied about the existence of Mark Zuckerberg's 2003-2004 computer information—which these *Ceglia* facts, including Facebook's own forensic experts, confirm were in the custody of Facebook's attorneys the entire time.

4. I read Paul Argentieri's filing on June 1, 2017 in *U.S. v. Ceglia* 12 Cr. 876 (VSB). I promptly contacted him with evidence that the very same 28 Zuckerberg computer devices and Harvard emails from 2003-2004—which Mr. Argentieri says Ceglia has never been able to analyze ("Zuckerberg Information")—is the very same evidence that was concealed in our case *Leader Technologies, Inc. v. Facebook, Inc.*, 08-cv-862-JJF-LPS ("*Leader v. Facebook*").

5. Facebook and their lawyers told us that they 'lost' the Zuckerberg Information (28 Zuckerberg computer devices and Harvard emails). From the *Ceglia* cases we now learn that the Zuckerberg Information was inventoried in *ConnectU, Inc. v. Facebook, Inc. et al*, Case No. 2007-10593-DPW ("*ConnectU*").

6. Mr. Argentieri provided me with a copy of the transcripts of depositions conducted by Dean Boland, his co-counsel. Mr. Boland deposed Facebook's forensic experts Bryan J. Rose on July 18, 2012 (**Exhibit A**), and Michael F. McGowan on July 19, 2012 (**Exhibit B**), at the law offices of Gibson Dunn LLP in New York.

7. Mr. McGowan stated that "approximately 28 devices belonging to Mr. Zuckerberg were presented to us for examination . . . involved in the Winklevoss ConnectU case, if you know?. Q. In the ConnectU case? A. Yes." Ex. B, Tr. 61:16-18; 78:17-20.

8. Mr. Rose stated that he examined "copies of Mark Zuckerberg's Harvard e-mail . . . and other hard drives . . . that Mr. Zuckerberg had used historically" contained on "somewhere in the neighborhood of 15 to 20" of the computers presented to them. Ex. A, Tr. 32:11-20; 33:2-3.

9. Mr. Rose described troubling spoliation of the Zuckerberg devices, stating "there's been manipulation of the system clock," and spoliation of files, stating "[t]his document

**AFFIDAVIT OF MICHAEL T. MCKIBBEN**

is clearly backdated." Ex. A, Tr. 246:16-17, 20-21. Changes to a system clock will falsify the metadata for any file that is saved while the clock is incorrect.

10. In my opinion, the system clock manipulation of the Zuckerberg Information computing devices is almost certainly spoliation by someone with access to the devices in custody.

11. Therefore, according to Facebook's own experts, the record shows that Facebook is not only blocking all access to the Zuckerberg Information, but is manipulating the evidence that is in the custody of their attorneys. Specifically, Facebook and their lawyers lied about the existence of the 28 Zuckerberg computer devices and Harvard emails in our *Leader v. Facebook* case.

12. On November 19, 2008, my company, Leader Technologies, Inc., sued Facebook, Inc. in the District Court for the State of Delaware for patent infringement of U.S. Patent 7,139,761 titled "Dynamic Association of Electronically Stored Information with Iterative Workflow Changes" for which I am the first-named inventor. *Leader Technologies, Inc. v. Facebook, Inc.*, 08-cv-862-JJF-LPS ("*Leader v. Facebook*").

13. On February 20, 2009, Leader filed its first discovery request that included all historical Facebook information from the formative 2003-2004 time period, including the Zuckerberg Information produced in the *ConnectU, Inc.* lawsuit against them. **Exhibit C**.

14. On April 30, 2009, Leader filed a motion to compel Facebook to provide the requested discovery which "Facebook refuses to provide." **Exhibit D**.

The motion included specific Zuckerberg Information cited in Doc. No. 42-17 as delineated by Magistrate Robert B. Collins in *ConnectU, Inc. v. Facebook, Inc. et al* (incl. Mark Zuckerberg) Case No. 2007-10593-DPW on September 13, 2007 ("*ConnectU*"). **Exhibit E**:

> Facebook was ordered to catalog information and devices containing the information "defined as (a) the Harvard Connection code which Zuckerberg allegedly worked on, (b) the facebook.com code before launch, (c) the facebook.com code at the time of launch, (d) the facebook.com code through September 2004, (e) the coursematch code, and (f) the Facemash code"

15. For approximately fifteen (15) months following Leader's motion to compel, Facebook and their lawyers stonewalled providing any Zuckerberg Information from 2003-2004, even though it was directly relevant to: (a) Leader's willful infringement claim, (b) expert analysis of the source code "change logs" to determine when the infringement began, and (c) despite numerous appeals to the court for relief by Leader's attorneys.

16. On or about May 15, 2010—a month before trial—I was informed by Leader's attorney Paul Andre that Facebook's attorney informed him, under the Protective Order, that Facebook and their lawyers could not locate any of the *ConnectU* Zuckerberg Information. The material gist of the Facebook disclosure to Mr. Andre was that neither Facebook, Zuckerberg nor their attorneys could produce the *ConnectU* information because it had disappeared.

17. Mr. Argentieri just provided me with a copy of an August 19, 2011 "ORDER FOR DISCOVERY OF COMPUTER MEMORY DEVICES" in *ConnectU*. This order specifically cites the *same* Doc. No. 42 that was also cited by Leader in our motion to compel on April 30, 2009.

**AFFIDAVIT OF MICHAEL T. MCKIBBEN**

*See* Sec. 14 above. **Exhibit F**. In other words, the 2007 Magistrate's order to create an inventory of the Zuckerberg information—that was cited in the Leader's motion to compel on April 30, 2009—was carried out, and the list later appeared in a August 19, 2011 *ConnectU* order that Mr. Argentieri just provided to me.

18. Therefore, the record confirms that the *ConnectU* information requested by Leader is the *very same information* identified by: (a) *ConnectU*, (b) analyzed by Messrs. Rose and McGowan, (c) in the custody of Facebook attorney Gibson Dunn LLP, (d) in the custody of Mark Zuckerberg attorney McManus Faulkner LLP, (e) and in the custody of ConnectU's expert Jeff Parmet and Associates LLC.

19. Mr. McGowan was asked:

> "Q. When did this examination occur of these 28 devices belonging to Mr. Zuckerberg?
> A. In around September of 2010."

Ex. B, Tr. 64:18-20.

20. In conclusion, the record clearly shows that the 28 Zuckerberg *ConnectU* computer devices and Harvard emails that were produced by Facebook for examination by their experts in September 2010 were *hidden* from the court in *Leader v. Facebook* just six weeks earlier.

21. Evidently, the Facebook concealment of the 28 Zuckerberg computer devices and Harvard emails continues to be directed by Facebook's attorney Gibson Dunn LLP. The record shows that: (a) Gibson Dunn LLP has represented Zuckerberg and Facebook in both the Ceglia civil matter as well as his indictment, (b) U.S. Attorney Preetinder Bharara from the Southern District of New York in the Ceglia indictment is a former Gibson Dunn LLP partner and (c) Gibson Dunn LLP represented Facebook in our *Leader v. Facebook* appeal—yet was silent about their custody of the 28 Zuckerberg computer devices and Harvard email that they have concealed.

FURTHER AFFIANT SAYETH NAUGHT

/s/

Michael T. McKibben

SWORN AND SUBSCRIBED before me, a Notary Public, this 12th day of June, 2017.

Melissa A. Clancy

Attached:

**Exhibits A to F**