# ROBERT ROSS FOGG, ESQ., LL.M.
Attorney and Counselor at Law

*Writer's Email Address*:
rfogg@rfogglaw.com

69 Delaware Ave., Suite 600
Buffalo, New York  14202
(716) 853-FOGG (3644)
Fax:    (716) 852-6782

December 31, 2023

Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    Attorney Reply Letter
            *United States v. Ceglia*, Case No.: 12-cr-876

Dear Judge Broderick:

On October 20, 2023, the undersigned, as an Officer of the Court, filed a Motion to Dismiss (Dkt 211).  In November, Attorney Paul Argentieri brought to the Court's attention the government's failure to respond to the motion within a reasonable time.  On December 14, 2023, as directed by the Court, the government filed their Response (Dkt 214).  Please accept this letter as a Reply to the government's Response.

Upon review of the government's Response, it is clear that the Parties agree with the following undisputed facts:  "Trial was set to commence on May 4, 2015."  (Dkt 214, pg 1, par B).  "On March 9, 2015, the Court ordered Ceglia to appear personally at a court conference scheduled for March 10, 2015 at 11 a.m. [].  Ceglia failed to appear at that conference, and the Court subsequently revoked Ceglia's bail [].  In orders [], the Court stated that the defendant was a fugitive."  (Dkt 214, pg 2, Background, par B).  "[T]he government located Ceglia in Ecuador and sought his extradition. Although the National Court approved the extradition request, the President of Ecuador denied the request."  (Dkt 214, pg 2, Background, par B).

The government takes the single position that the "Court should decline to consider the motion to dismiss the indictment," because "the fugitive disentitlement doctrine vests this Court with the discretion to decline to consider a motion or application by a fugitive defendant."  (Dkt 214, pg 2, Argument).

However, the instant motion is not a motion or application by a fugitive defendant. The government conflates a Motion made by the "Defendant," or by "Counsel, by and through/on behalf of defendant," with a Motion made by "Counsel," as an Officer of the Court.  Here, "Defendant's Counsel, Robert Ross Fogg," moved for an order dismissing the instant indictment on the grounds of "fraud upon the Court" and "the Doctrine of Public Domain."  (Dkt 211, pg 1).  Also, "Defendant's Counsel, Robert Ross Fogg" moved "for an order to hold hearings on the salient issues," or "for an order to hold a trial *in absentia*."  *Id*.  The factual setting of the instant criminal case does not justify a blanket disentitlement and requires the Court to determine the reported fraud upon the court.

US v Ceglia, Attorney Reply Letter
December 30, 2023
Page 2 of 5

## *FAILURE TO RESPOND*

The government misses the mark and, whether intentionally or irresponsibly, avoids the salient issues raised by counsel's motion.

Upon review of the government's Response, it is clear that the government failed to respond to the undersigned's, Attorney Robert Ross Fogg, motion to dismiss the indictment and the grounds for the motion, in that the government failed to respond to the undersigned's: (1) accusation that the Gibson Dunn Attorneys have perpetrated a fraud upon the Court through willful deliberate conduct and systematic efforts; (2) accusation that the alleged material that forms the basis of the Indictment was placed in the public domain by the complainants and are not a basis for criminal conduct; and (3) motion for an order to hold hearings on the salient issues.

The government neglected to address Attorney Fogg's affirmation, which was based upon Attorney Paul Argentieri's Affidavit and Exhibits. Attorney Fogg brought to this Court's attention that he "received clear and convincing evidence that establish that the Gibson Dunn Attorneys have perpetrated a fraud upon this tribunal, as well as the tribunal in the associated civil matter. Consequently, the undersigned, acting in good faith upon the information received, file[d] the instant submission to reveal the fraud to this honorable tribunal."

The prosecutor's failure to respond to counsel's accusations should be treated as a tacit or adoptive admission and construed as a commitment by the government to follow the law under the Doctrine of Public Domain. Consequently, the Court should grant Counsel's Motion to Dismiss the indictment with prejudice.

## *FRAUD ON THE COURT*

As officers of the court, the Attorneys Argentieri and Fogg assert that the complainants and the Gibson Dunn Attorneys have defrauded this Honorable Court. Attorneys assert that the fraud on the court predated the instant indictment and continued to be interwoven in this proceeding.

Attorneys Argentieri and Fogg have placed into the record the issue of fraud upon the Court perpetrated by the Gibson Dunn attorneys. The government has not refuted the fact that the Court is being defrauded. The government has not refuted the allegation of extrinsic fraud on the court perpetrated by the complainants and their attorneys. In fact, the government has taken no position relative to Attorneys Argentieri and Fogg's claim, which is therefore unopposed.

As cited by the government, "federal courts have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities. *Degen v. United States*, 517 U.S. 820, 823 (1996)." (Dkt 214, pg 2, Argument, par A). This Court has the inherent authority to protect its proceedings and judgments against fraud upon the Court perpetrated by the Gibson Dunn Attorneys. Neither a trial *in absentia*, nor the application of the fugitive disentitlement doctrine can excise the fraud perpetrated on the court. Fraud on the court is separate and distinct from any criminal case. It is an extrinsic affront to the Court that is never-ending and continues to infect all proceedings until it is excised. *Hazel-Atlas Co v Hartford Co*, 322 US 238, 64 S Ct 997, 88 L Ed 1250 (1944).

Consequently, the Court should grant Counsel's Motion to Dismiss the indictment or alternatively hold hearings.

US v Ceglia, Attorney Reply Letter
December 30, 2023
Page 3 of 5

### ***TRIAL IN ABSENTIA***

The government alternatively argues that the Court should "hold the trial *in absentia*." (Dkt 214, pg 2, Argument, par A). Here, the government agrees with Attorney Robert Ross Fogg's, Defendant's Counsel, motion for an order to hold a trial *in absentia*.

However, in their Response, for the first time since 2018, the government offhandedly seeks to continue to pursue prosecution of Mr. Ceglia. Moreover, by arguing for *trial in absentia* now, the government necessarily concedes that they could have proceeded with this prosecution but negligently failed to do so before now.

To be sure, Ceglia fled the jurisdiction as he believed the instant criminal case was a wrongful selective prosecution and a ruinous and egregious miscarriage of justice that could result in fatalities. Ceglia arrived on the shores of Ecuador during President Rafael Correa's administration (1/15/2007-5/2/2017). In 2017, the government discovered Ceglia's location in Ecuador during President Lenín Moreno's administration (5/24/2017-5/24/2021). On October 25, 2017, the government was granted a federal arrest warrant. In April 2018, the U.S. Embassy submitted a request with the president of the National Court of Justice that the Ecuadorian government detain Ceglia for extradition. On August 23, 2018, Ceglia was arrested in Salinas, Ecuador. On November 15, 2018, the National Court of Justice granted the U.S. extradition request and ordered Ceglia extradited to the U.S., which was upheld on Ceglia's appeal. However, President Moreno disregarded the Court's decision and refused to extradite Ceglia.

To date, the decision of the Ecuadorian National Court of Justice granting Ceglia's extradition to the U.S. stands undisturbed. Since 2015, Ecuador has seen four presidential administrations. Since President Moreno's 2018 decision not to extradite Ceglia, there has been two successive Presidential Administrations—Pres. Guillermo Lasso (May 24, 2021-November 23, 2023), and Pres. Daniel Noboa (November 23, 2023-present).[1]

"The government has an affirmative obligation to locate and bring a known suspect to trial." *United States v Khan*, 575 F Supp 3d 490 (SDNY 2021), citing *Smith v Hooey*, 393 US 374, 382-383, 89 SCt 575, 21 LEd2d 607 (1969). The government has long since located Ceglia and knows where he is presently. However, the law in the Second Circuit holds that Paul Ceglia has no duty to bring himself to trial. "The responsibility for pursuing a prosecution lies entirely with the government." *United States v Bufalino*, 683 F2d 639 (2d Cir 1982), *citing Barker v Wingo*, 407 US 514, 527, 92 SCt 2182, 2190, 33 LEd2d 101 (1972); *New Buffalo Amusement Corp*, 600 F2d at 375-76; *United States v Didier*, 542 F2d 1182, 1189 & n9 (2d Cir 1976); *cf United States v Salzmann*, 548 F2d 395, 401 (2d Cir 1976). Furthermore, "as a general matter, [] the government has a duty to seek extradition, unless such an effort would be futile." *United States v Khan*, at 501, citing *United States v Leaver*, 358 FSupp 2d 255, 265 (SDNY 2004).

The government cannot simply absolve itself from making any effort to procure defendant's presence for trial. The government has the burden of due diligence and the government's failure to try to obtain the defendant's presence in any meaningful way is negligence. Here, the government has taken no steps to mitigate harm, delay or prejudice. The government has made no attempts to seek the successor administrations' enforcement of the Court's extradition ruling.

---

[1] https://en.wikipedia.org/wiki/List_of_presidents_of_Ecuador, last visited 12/30/2023.

US v Ceglia, Attorney Reply Letter
December 30, 2023
Page 4 of 5

## **_CONCLUSION_**

WHEREFORE, Attorney Paul Argentieri and Attorney Robert Ross Fogg respectfully requests that this Honorable Court grant the motion to dismiss the indictment on the grounds of fraud upon the Court and the public domain doctrine.

In the alternative, Attorneys Argentieri and Fogg respectfully requests that this Honorable Court Order evidentiary hearings to be conducted relative to fraud upon the Court, the public domain doctrine and the government's due diligent efforts to bring Ceglia to trial.

                                              Respectfully submitted,

                                              _/s/ Robert Ross Fogg_
                                              Robert Ross Fogg

cc:       Sheb Swett, Assistant United States Attorney
           Paul Argentieri, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,
                *Plaintiff,*

v.                            CASE No: 1:12-CR-00876-ALC

PAUL D. CEGLIA
                *Defendant.*

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Letter Reply, dated December 31, 2023, is being submitted to the Court via US Mail for permission to be filed via Electronic Filing generated by CM/ECF on all counsel of record who are authorized to receive electronically Notices of Electronic Filing in this criminal case.

Dated: December 31, 2023        Respectfully Submitted,

                                            By: /s/ Robert Ross Fogg